UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNIVERSITY OF ROCHESTER**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ROCHESTER UNIVERSITY**, )<br>)<br>Defendant. )<br>) | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff University of Rochester states the following for its Complaint against Defendant Rochester University:

## INTRODUCTION

1.      University of Rochester is one of the leading research universities in the United States.  It attracts more than 12,000 students from across the United States and around the world, as well as leading researchers—all drawn to the University of Rochester's national and international reputation for excellence in research and education. The University of Rochester offers a wide range of undergraduate and graduate programs, and its faculty are leaders in their respective fields. Over the course of 173 years, University of Rochester has earned a reputation throughout the United States and beyond for high quality educational services, research, and scholarship.

2.      University of Rochester recently learned of a school using the name "Rochester University," located in Rochester _Hills,_ Michigan. Further investigation shows confusion to be likely and occurring in multiple forms. University of Rochester has worked tirelessly to build a reputation as a world-class educational and medical institution, and Rochester University is trading

on that goodwill, to the detriment of the students and employees of the University of Rochester and the public, who have come to trust University of Rochester as standing for certain services and principles.

3.  Rochester University's website indicates that the school was founded as North Central Christian College in 1959; the name changed to Michigan Christian Junior College in 1961, Michigan Christian College in 1978, and Rochester College in 1997, before recently changing to Rochester University. In the Fall of 2022, Rochester University purported to have approximately 1170 students from 25 states (and has enrolled students from New York), and to offer not only traditional classes but also online degree completion programs.

4.  The overwhelming similarity of these names is likely to cause confusion or mistake between the schools, or as to the affiliation or connection, or sponsorship or approval by University of Rochester as to Rochester University, when none exists, all to the detriment and harm of University of Rochester. Confusion may occur in several forms and at various points in time, including when potential students or members of the community are searching for University of Rochester or Rochester University or researching the same, or upon seeing mention of these schools at a sporting event, arts presentation, or academic conference. For example, the vital search engines many use–to find the official websites and other online properties of universities, organizations and companies–demonstrate confusion between Rochester University and University of Rochester.

5.  The results of a Google search of the words "university" and "Rochester" ranks University of Rochester as the first result (at www.rochester.edu), and other University of Rochester results (including Facebook and Twitter) and various rankings (e.g., U.S. News), but

the third search result is Rochester University (at www.rochester**u**.edu – *emphasis added*), as shown in **Exhibit 1**.

6.      The potential for likely confusion is reflected vividly in online searches. *While attempting to reach the University of Rochester's website* using Google, the search engine inserted an interstitial security warning advising:

"Did you mean rochesteru.edu? Attackers sometimes mimic sites by making hard-to-see changes in the web address"

The URL and warning are copied and enlarged below, and attached in **Exhibit 2**:





Further evidence of likely confusion or mistake is demonstrated from LinkedIn, a social media site frequently used to announce career moves and promotions, seek jobs, network with business associates and fellow alumni, and break business-related news. Rochester University's LinkedIn page refers to more than 5,600 alumni in the United States with more than 130 in New York and 80 in the Rochester, NY Metropolitan Area. On information and belief, most of those people have no connection to Rochester University and have mistakenly selected a connected to it.

7.       With almost 170 years of priority over Rochester University's infringing use, and a national student body, alumni base, and reputation, as well as a collaboration with the global research community, the University of Rochester cannot tolerate a likelihood of confusion or mistake regarding the two institutions, including not only whether they are the same, but whether they are affiliated, connected, associated, sponsored, or approved by one another. Prospective students, parents, staff, researchers, and other interested parties are likely to confuse University of

Rochester and Rochester University, including initial interest in Rochester University, or later, including prospective employers and other institutions. `

8. This is an action at law and equity for trademark infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), the New York Injury to Business Reputation and Dilution Act, N.Y. GEN. BUS. LAW § 360-1, and New York common law. Among other relief, University of Rochester respectfully requests the Court to: (a) permanently enjoin Rochester University from using "Rochester University" in association with any educational and entertainment services, or related goods and services, (b) award University of Rochester actual damages, including in the form of a reasonable royalty and/or corrective advertising, and to treble that award; (c) require Rochester University to disgorge profits attributable to its use of Rochester University in any form; and (d) award punitive damages, attorneys' fees, and costs for Rochester University's willful infringement and any other relief this Court deems just and proper. Pursuant to Section 37 of the Lanham Act, 15 U.S.C. 1119, this Court also should cancel any registrations for Rochester University's marks, including (a) ordering the USPTO to cancel Registration Nos. 6,994,744 and 6,959,205; and (b) rectify the register by sustaining the opposition to Rochester University's application, Serial No. 97/061,648, which is the subject of the Trademark Trial and Appeal Opp. No. 91284925.

## PARTIES

Underline University of Rochester

9. Plaintiff University of Rochester is an educational corporation organized and existing under the laws of State of New York, having a principal place of business at 263 Wallis Hall, Rochester, New York 14627. It also operates the University of Rochester Medical Center.

10.     University of Rochester, founded in 1850, is currently, and for decades has been, a leading academic institution and among the nation's top research institutions. With over 200 bachelor's, master's, and doctoral degree programs and certificate offerings, University of Rochester has a full range of academic offerings, including schools of the arts and sciences, engineering and applied sciences, music, medicine and dentistry, nursing, business, and education. University of Rochester traditionally has offered in-person, on-campus classes, but now also offers remote learning options and degree programs. Notably, University of Rochester offers graduate degrees in religious education and clinical psychology, two of the three programs in which Rochester University offers graduate degrees, as described further below.

11.     University of Rochester currently has approximately 12,000 undergraduate and graduate students from every state in the United States and over one hundred countries worldwide. With over 26,000 faculty and staff members, University of Rochester is the largest employer in upstate New York and one of the largest in New York State. University of Rochester's 120,000 alumni live throughout the United States, as well as internationally. In addition to traditional classroom programs, University of Rochester offers online courses, certificate programs, and degree programs.

12.     University of Rochester's student body is made up of students from all over the United States, including nearby states such as the State of Michigan. Only 29% of students at the University of Rochester are from New York. University of Rochester regularly seeks students and student athletes from across the United States, including from Michigan.

13.     University of Rochester has a stellar reputation for academic research and is consistently ranked as a top university, including but not limited to, for example:

- It is one of only 71 universities in the Association of American Universities (AAU). The AAU members are universities "on the leading edge of innovation, scholarship, and solutions that contribute to scientific progress, economic development, security, and well-being." Other members include Yale, Massachusetts Institute of Technology, Berkeley, and Harvard, among other top public and private universities in the United States and Canada. *See* https://www.aau.edu/who-we-are/our-members and **Exhibit 3**.

- Its alumni and faculty have received many of the most prestigious national and international honors awarded for research and academic achievement, including a total of 13 Nobel Prizes across a range of categories that includes physics, medicine or physiology, and economics.

- Ranked by *U.S. News & World Report* as the #36 "National University," as well as #25 for "Best Value." *See* **Exhibit 4**.

- Rated #29 among U.S. business schools for Global MBAs by the *Financial Times*. *See* **Exhibit 4**.

- Ranked #52 among U.S. colleges for World University Rankings by the *Times Higher Education*. *See* **Exhibit 4**.

14.     In addition to its academic reputation, University of Rochester also is nationally known for its performing arts programs, as well as its athletic teams that travel across the United States competing at the NCAA Division III level in various men's and women's sports.

15.     For over a century, University of Rochester's Eastman School of Music has been one of the world's leaders in musical composition, performance, and education. University of Rochester's robust arts program includes shows that attract audience members from across the

region and the United States, and its students and faculty travel in furtherance of academic and extracurricular endeavors across the United States.

16.     University of Rochester sports programs participate in NCAA Division III (except for squash, which has participated in Division I). University of Rochester is a member of the University Athletic Association conference, which has eight member schools in Georgia, Illinois, Massachusetts, Missouri, New York, Ohio, and Pennsylvania. However, University of Rochester students compete at and with schools from across the country.

17.     University of Rochester currently has more than twenty intercollegiate athletic teams, as well as club and intramural teams. University of Rochester teams have won multiple national championships, and University of Rochester student athletes have won multiple national titles.

18.     University of Rochester also operates a highly rated teaching hospital and medical campus known as the University of Rochester Medical Center, which is one of the largest medical treatment and research facilities in upstate New York. University of Rochester's School of Nursing is consistently ranked among the top ten in the United States. The University of Rochester Medical Center recruits experienced nurses and other medical professionals from across the United States, including from Michigan.

19.     University of Rochester has used the name and mark UNIVERSITY OF ROCHESTER since its inception in 1850. Its website, through which it markets and advertises its educational services, is accessible at www.rochester.edu. The university frequently is referred to as simply "Rochester" in various ways (e.g., Rochester students), including Rochester University.

20.     By virtue of its long-standing and prominent use, University of Rochester owns strong trademark rights in its name UNIVERSITY OF ROCHESTER and variations thereof (the

"UNIVERSITY OF ROCHESTER Marks"). With over one hundred and seventy years of consistent use, University of Rochester has invested millions of dollars, devoted countless hours of work, and created volumes of images, video, and audio recordings promoting, marketing, and advertising its goods and services using that name. It has used its name in the production of countless academic articles, studies, and presentations, as well as in artistic displays and performances.

21.     University of Rochester also operates social media business accounts, including a Facebook page, Instagram account, and Twitter account, as well as a LinkedIn profile, using the name UNIVERSITY OF ROCHESTER through which it advertises and markets its educational services and communicates with students, parents, fans of the school, and the broader community both in the United States and abroad. Its social media accounts have tens of thousands of followers each and collectively more than 200,000 followers, as shown in **Exhibit 5**.

22.     University of Rochester owns the following federal trademark registrations on the Principal Register for its UNIVERSITY OF ROCHESTER Marks, which include goods and services in Classes 25, 41, 42, and 44, and affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, making both of these registrations incontestable. Registration Certificates and trademark status pages are attached as **Exhibit 6**.

| Mark | Reg. No. /Reg date/First Use | Goods and Services |
|---|---|---|
| UNIVERSITY OF ROCHESTER | **Reg** 3376880 **Reg Date** 05-FEB-2008 **First Use** 31-DEC-1851 for Class 41 (31-DEC-1947 for Class 25) | **INT. CL. 25** CLOTHING, NAMELY, SWEATSHIRTS, T-SHIRTS, POLO SHIRTS, JACKETS, SHORTS, PANTS, HATS, AND SCARVES **INT. CL. 41** EDUCATIONAL SERVICES, NAMELY, PROVIDING COURSES OF INSTRUCTION AT THE UNDERGRADUATE, GRADUATE, POST-GRADUATE, PROFESSIONAL, AND CONTINUING EDUCATION LEVELS; MEDICAL TRAINING AND |

| | | |
|---|---|---|
| | | TEACHING; EDUCATIONAL RESEARCH; EDUCATIONAL SERVICES, NAMELY, PROVIDING EDUCATIONAL STUDY ABROAD PROGRAMS; SPECIAL EVENTS PLANNING FOR STUDENT AND ALUMNI SOCIAL AND EDUCATIONAL EVENTS; ENTERTAINMENT SERVICES, NAMELY, ORGANIZING AND CONDUCTING INTRA- AND INTER-COLLEGIATE SPORTS COMPETITIONS AND SPORTING EVENTS IN A WIDE VARIETY OF SPORTS, DRAMATIC PRODUCTIONS, MUSICAL PRODUCTIONS, CONCERTS, THEATRICAL PRODUCTIONS, FINE ART EXHIBITIONS, AND COMMUNITY CULTURAL EVENTS; AND ORGANIZING AND CONDUCTING EDUCATIONAL DEBATES, SPEECHES, LECTURES, AND SYMPOSIA IN A WIDE VARIETY OF FIELDS INCLUDING THE ARTS AND HUMANITIES, ENGINEERING, PHYSICAL AND MATHEMATICAL SCIENCES, SOCIAL SCIENCES, ECONOMICS, EDUCATION, AND BUSINESS |
| UNIVERSITY OF ROCHESTER MEDICAL CENTER | **Reg** 3264111 <br> **Reg Date** 17-JUL-2007 <br> **First Use** 31-DEC-1947 | **INT. CL. 42** MEDICAL RESEARCH; SCIENTIFIC INVESTIGATIONS FOR MEDICAL PURPOSES; SCIENTIFIC RESEARCH <br> **INT. CL. 44** HOSPITALS; MEDICAL SERVICES |

23.    University of Rochester has widely used these UNIVERSITY OF ROCHESTER

Marks in interstate commerce for more than 170 years, and long before Rochester University began

using the mark ROCHESTER UNIVERSITY.

24.    The UNIVERSITY OF ROCHESTER Marks are used to distinguish University of

Rochester and its goods and services from other sources of the same types of goods and services, including other educational institutions, and the public recognizes goods and services offered under these marks as originating with the University of Rochester. As a result of University of Rochester's investment and efforts over multiple decades, the UNIVERSITY OF ROCHESTER Marks are extremely strong.

<u>Rochester University</u>

25.    On information and belief, Defendant Rochester University is a corporation organized and existing under the laws of the State of Michigan, with a principal place of business at 800 West Avon Road, Rochester Hills, Michigan 48307.

26.    Defendant Rochester University indicates it was established in 1954—over a century after the University of Rochester—under the name North Central Christian College, eventually becoming "Rochester College" in 1997. The name change to "Rochester University" was announced and then phased in over time concluding in August 2020. *See* **Exhibit 7**.

27.    Rochester University, located in Rochester Hills, Michigan, is a liberal arts educational institution of about 1,200 students that offers bachelor's degrees in various majors and three master's degrees.

28.    According to its website, Rochester University offers more than 20 undergraduate degrees—including not only general B.A. and B.S. degrees, but also majors in Theater and Nursing, among others.

29.    Rochester University indicates it currently enrolls students from 25 states, including, on information and belief, New York. On information and belief, Rochester University regularly solicits students and student-athletes from New York, including sending applications and other school information and offering in-person and on-line tours to and for New York students.

30.     Rochester University offers both on-campus and online degree programs. Some or all of the online programming offered at Rochester University is from Rize Education, Inc. ("Rize"), which is located in New York, and the Lower Cost Models Consortium. According to promotional material from Rochester University and Rize, Rochester University offers the on-line programming in partnership with Rize and, in addition, Rochester University used Rize's Enrollment Marketing Services to promote on-line programming to attract new applicants and registrants. *See* **Exhibit 8**.

31.     On information and belief, Rochester University faculty and staff attend conferences and programs in New York using the Rochester University name and provide articles and other materials to publishers in New York to be published and distributed using the Rochester University name.

32.     Rochester University promotes its theater program and traveling vocal groups and, on information and belief, has programs in which students travel to New York for educational and entertainment purposes.

33.     On information and belief, Rochester University is a member of the National Association of Intercollegiate Athletics (NAIA), and American College Hockey Association (ACHA), and its student athletes compete in more than twenty sports. Rochester Warrior teams have competed against teams in New York, including, on information and belief, under the Rochester University name.

34.     On information and belief, Rochester University offers degrees in Nursing, Health Sciences and Clinical Psychology and more recently, including through its online classes with Rize, began offering a concentration in Health Care Management and a major in Neuroscience.

35.     On information and belief, a strategic initiative of Rochester University is to attract transfer students. In furtherance of that goal, it offers academic credits to prospective transfer students and financial incentives, and specifically lists New York schools as schools it will provide transfer credit to, as shown in **Exhibits 9** and **10**. Rochester University advertises and markets its educational services in New York and seeks to solicit residents of New York and students currently attending (or who previously attended) New York schools.

36.     Rochester University operates a website at the domain www.rochester**u**.edu (*emphasis added by counsel*, as compared to the website operated by University of Rochester at the domain www.rochester.edu) through which it markets and advertises its educational services. Upon information and belief, the www.rochester**u**.edu domain is less than 4 years old, while www.rochester.edu is over 36 years old. *See* **Exhibit 11**.

37.     Rochester University also operates social media accounts, including a Facebook, Instagram, and Twitter account, as well as a LinkedIn profile using the name ROCHESTER UNIVERSITY through which it advertises and markets its educational services and communicates with students, parents, fans of the school, and the broader community.

## JURISDICTION AND VENUE

38.     This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction over University of Rochester's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

39.     This Court has personal jurisdiction over Rochester University because it has knowingly and purposefully promoted, marketed and advertised its educational services in the State of New York, including through its website, and has actively solicited prospective students

and student athletes from the State of New York, and in fact students and student athletes from the State of New York have attended Rochester University. Rochester University also advertises on its website that it accepts transfer students from certain schools and will provide academic credits to those students, and specifically lists several New York schools in that list, as shown in **Exhibit 10**. Rochester University has thus has specifically sought to target New York students and offer them its services, including financial incentives to entice these students to transfer, as shown in **Exhibit 9**. On information and belief, Rochester University programs also have traveled to New York for sporting events, concerts, plays, and other performances.

40.     In addition to prospective students, students, and parents, Rochester University sends communications to and solicits alumni in the State of New York.

41.     Rochester University promotes that it offers accelerated learning. Rochester University has entered into agreements with Rize Education, located in New York, to provide assistance with online classes, and also in connection with marketing to prospective students.

42.     On information and belief, Rochester University changed its name from Rochester College to Rochester University and adopted the ROCHESTER UNIVERSITY Marks with full awareness of Plaintiff and its prior ownership and strong rights in the UNIVERSITY OF ROCHESTER Marks. Rochester University thus willfully committed a tort and has caused harm to Plaintiff in the State of New York where it is located, and such harm was a naturally foreseeable consequence of the name change and Rochester University's actions in actively recruiting students and soliciting students, parents, and alumni from the State of New York while operating a nationally accessible website (and in fact New York residents attend and have attended Rochester University). Moreover, Rochester University offers online degree programs accessible from anywhere in the United States, and operated in partnership with Rize Enterprises, which is located

in New York. In sum, Rochester University has purposefully and willfully manifested its intent to reach the New York market, including without limitation students from New York and attending New York schools and their parents or others assisting in their educational decisions. These contacts are sufficient to permit the exercise of personal jurisdiction pursuant to the statutory and constitutional limits of the law.

43.     Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts or omissions giving rise to University of Rochester's claims occurred in this District, where University of Rochester resides and where the harm has occurred and is occurring.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

44.     Previously known as Rochester College, Rochester University began using the ROCHESTER UNIVERSITY Marks for educational and entertainment services in 2019, notwithstanding University of Rochester's prior rights, and long after the UNIVERSITY OF ROCHESTER Marks became well known among the consuming public of the United States (and long after University of Rochester obtained federal registrations for these marks),

45.     Despite awareness of the University of Rochester and its long-existing rights in its name and in its UNIVERSITY OF ROCHESTER Marks, as well as its long and extensive online and offline presence, Rochester College changed its name and filed for trademark registrations with the United States Patent and Trademark Office ("PTO") for that name and variations thereof (the "ROCHESTER UNIVERSITY Marks").

46.     The name "Rochester University" is simply a transposition of "University of Rochester," and thus the ROCHESTER UNIVERSITY Marks are likely to cause confusion with the UNIVERSITY OF ROCHESTER Marks.

47.     In particular, Defendant's use of ROCHESTER UNIVERSITY imitates Plaintiff's UNIVERSITY OF ROCHESTER Marks in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, association, or affiliation of goods and services offered under the ROCHESTER UNIVERSITY Marks. This is especially so because both Plaintiff and Defendant use their marks for identical goods and services (i.e. educational and entertainment services, and related goods and services).

48.     Indeed, on information and belief, confusion already exists in the marketplace between the ROCHESTER UNIVERSITY and UNIVERSITY OF ROCHESTER Marks and will only get worse as Rochester University continues to expand its use, marketing, and goods and service offerings. This confusion, and the likelihood thereof, is damaging the goodwill University of Rochester has built with the public by causing it to be associated with a school lacking the storied history and reputation University of Rochester has worked tirelessly and extensively to build in the United States and abroad.

49.     Upon learning of Rochester University's Marks, investigation determined that Rochester University had applied to register, under Section 1(a), 15 U.S.C. § 1051(a), the following ROCHESTER UNIVERSITY Marks for services in Class 41. As shown below, registration issued for the ROCHESTER UNIVERSITY word mark on the Supplemental Register, Reg. No. 6,959,205 in January 2023, and for the ROCHESTER UNIVERSITY ROCHESTER HILLS, MI EST. 1959 word and design mark on the Principal Register, Reg. No. 6,994,744 on March 7, 2023. University of Rochester timely filed an Opposition to Application No. 97/061,648 for the RU ROCHESTER UNIVERSITY word and design mark.

| Mark | Reg. No. / App. No. (& date) | Goods and Services |
|------|------------------------------|--------------------|
| RU ROCHESTER UNIVERSITY | Published (Opposition filed by Plaintiff)<br>**App** 97061648 | **INT. CL. 41** EDUCATIONAL SERVICES, NAMELY, PROVIDING ONLINE COURSES OF INSTRUCTION AT THE UNDERGRADUATE, |

| | **App Date** 06-OCT-2021<br>**First Use** 13-APR-2019 | GRADUATE LEVEL AND DISTRIBUTION OF COURSE MATERIAL IN CONNECTION THEREWITH; EDUCATIONAL SERVICES, NAMELY, PROVIDING COURSES OF INSTRUCTION AT THE UNDERGRADUATE, GRADUATE LEVEL AND DISTRIBUTION OF COURSE MATERIAL IN CONNECTION THEREWITH; PROVIDING COLLEGIATE ATHLETIC AND SPORTING EVENTS |
|---|---|---|
| ROCHESTER UNIVERSITY ROCHESTER HILLS, MI EST. 1959 | Registered<br>Principal Register<br>(Cancellation filed by Plaintiff)<br>**Reg** 6994744<br>**Reg Date** 07-MARCH-2023<br>**First Use** 13-APR-2019 | **INT. CL. 41** EDUCATIONAL SERVICES, NAMELY, PROVIDING ONLINE COURSES OF INSTRUCTION AT THE UNDERGRADUATE, GRADUATE LEVEL AND DISTRIBUTION OF COURSE MATERIAL IN CONNECTION THEREWITH; EDUCATIONAL SERVICES, NAMELY, PROVIDING COURSES OF INSTRUCTION AT THE UNDERGRADUATE, GRADUATE LEVEL AND DISTRIBUTION OF COURSE MATERIAL IN CONNECTION THEREWITH; PROVIDING COLLEGIATE ATHLETIC AND SPORTING EVENTS |
| ROCHESTER UNIVERSITY<br><br>ROCHESTER UNIVERSITY | Registered<br>Supplemental Register<br>(Cancellation filed by Plaintiff)<br>**Reg** 6959205<br>**Reg Date** 17-JAN-2023<br>**First Use** 14-DEC-2012 | **INT. CL. 41** EDUCATIONAL SERVICES, NAMELY, PROVIDING ONLINE COURSES OF INSTRUCTION AT THE UNDERGRADUATE, GRADUATE LEVEL AND DISTRIBUTION OF COURSE MATERIAL IN CONNECTION THEREWITH; EDUCATIONAL SERVICES, NAMELY, PROVIDING COURSES OF INSTRUCTION AT THE UNDERGRADUATE, GRADUATE LEVEL AND DISTRIBUTION OF COURSE MATERIAL IN CONNECTION THEREWITH; PROVIDING COLLEGIATE ATHLETIC AND SPORTING EVENTS |

50.     On information and belief, the first use date for Reg. No. 6,959,205 on the Supplemental Register is incorrect and should also be April 13, 2019, as the name change did not happen until 2019. However, even 2012 is more than 150 years after Plaintiff began using the UNIVERSITY OF ROCHESTER Marks

51. Rochester University has completed its name change and promotes itself publicly as Rochester University using the ROCHESTER UNIVERSITY Marks. These marks transpose the order of the words in the UNIVERSITY OF ROCHESTER Marks, removing the non-operative word "of." The word marks are otherwise identical in sight and sound.

52. While the University of Rochester is in Rochester, New York, Rochester University is located in Rochester *Hills*, Michigan. However, Rochester University chose to only include the word "Rochester," in its name, which is the key word in the UNIVERSITY OF ROCHESTER Marks, demonstrating an intent to trade on the University of Rochester's recognition and goodwill.

53. Rochester University's name change is not only likely to cause confusion, but it already has caused confusion in the marketplace and among prospective students.

54. For example, prospective students and their families have posted on social media about their excitement to attend school at "#Rochesteruniversity" in New York, when Rochester University is based in Michigan, and University of Rochester is located in New York, as shown in **Exhibit 12**. As explained above, Rochester University's LinkedIn page provides further evidence of confusion, as people living in Rochester, New York with no apparent connection to Rochester University have listed themselves as Rochester University alumni.

55. On information and belief, there have been additional instances of actual confusion and improper association between Rochester University and University of Rochester due to the confusing similarity of the parties' names and respective marks.

56. This confusion harms University of Rochester, among other reasons, because prospective students and members of the community may accidently believe certain information about Rochester University to pertains to University of Rochester, when it does not.

57.     University of Rochester is further harmed because it has worked for decades and invested millions of dollars and countless hours into developing itself into a world-class institution with a stellar reputation for academics, the arts, and sports, as well as for its research programs and medicine, and Rochester University's use of the ROCHESTER UNIVERSITY Marks diminishes that hard-earned goodwill.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

58.     University of Rochester repeats and incorporates by reference the facts and allegations in the preceding paragraphs.

59.     Rochester University's use of the ROCHESTER UNIVERSITY Marks, which are confusingly similar imitations of the UNIVERSITY OF ROCHESTER Marks, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Rochester University's goods and services originate with, or are sponsored, endorsed, or approved by University of Rochester, or are associated or connected with University of Rochester.

60.     Rochester University has used and is using marks confusingly similar to University of Rochester's federally registered marks in violation of 15 U.S.C. § 1114. Rochester University's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to University of Rochester's goodwill and reputation as symbolized by the UNIVERSITY OF ROCHESTER Marks, for which Plaintiff has no adequate remedy at law.

61.     Rochester University's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the UNIVERSITY OF ROCHESTER Marks to Plaintiff's great and irreparable harm.

62.     Rochester University has caused and is likely to continue causing substantial injury to the public and to University of Rochester for which there is no adequate monetary remedy; therefore, University of Rochester is entitled to injunctive relief and to recover Rochester University's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition)**

63.     University of Rochester repeats and incorporates by reference the facts and allegations in the preceding paragraphs.

64.     Rochester University's use of confusingly similar imitations of the UNIVERSITY OF ROCHESTER Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Rochester University's goods and services originate with, or are sponsored, endorsed, or approved by University of Rochester, or are associated or connected with University of Rochester.

65.     By its use of the ROCHESTER UNIVERSITY Marks, Rochester has used representations, descriptions, and/or designations of its good and services that are false or misleading as referenced in and proscribed by 15 U.S.C. § 1125(a). Rochester University's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to University of Rochester's goodwill and reputation as symbolized by the UNIVERSITY OF ROCHESTER Marks, for which Plaintiff has no adequate remedy at law.

66.     Rochester University's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the UNIVERSITY OF ROCHESTER Marks to Plaintiff's great and irreparable harm.

67.     Rochester University's conduct has caused, and is likely to continue causing, substantial injury to the public and to University of Rochester for which there is no adequate monetary remedy. Plaintiff is therefore entitled to injunctive relief and to recover Rochester University's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CLAIM FOR RELIEF
**(State Trademark Dilution and Injury to Business Reputation)**
**(N.Y. GEN. BUS. LAW § 360-1)**

68.     University of Rochester repeats and incorporates by reference the facts and allegations in the preceding paragraphs.

69.     For over 170 years, University of Rochester has exclusively and continuously promoted and used its registered UNIVERSITY OF ROCHESTER Marks in the United States and beyond. These marks are a well-known symbol of University of Rochester and its goods and services among the general public in the United States, and have been since well before Rochester University began promoting and selling its goods and services using the ROCHESTER UNIVERSITY Marks.

70.     Rochester University is making use in commerce of confusingly similar imitations of the UNIVERSITY OF ROCHESTER Marks that dilute and are likely to dilute the distinctiveness of those marks by eroding the public's exclusive identification of the UNIVERSITY OF ROCHESTER Marks with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of these distinctive marks, and otherwise lessening the capacity of these distinctive marks to identify and distinguish University of Rochester's goods and services.

71.     Rochester University's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the UNIVERSITY OF ROCHESTER Marks and to cause dilution of those marks to the great and irreparable injury of University of Rochester for which there is no adequate legal remedy.

72.     Rochester University has caused and, unless enjoined by this Court, will continue to cause irreparable injury to University of Rochester's goodwill and business reputation, and dilution of the distinctiveness and value of the UNIVERSITY OF ROCHESTER Marks in violation of the New York Injury to Business Reputation and Dilution Act, N.Y. GEN. BUS. Law § 360-1 (2013).

73.     University of Rochester, therefore, is entitled to injunctive relief, damages, and costs, as well as, enhanced damages, punitive damages, and reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(New York Common Law Trademark Infringement and Unfair Competition)**

74.     University of Rochester repeats and incorporates by reference the facts and allegations in the preceding paragraphs.

75.     Rochester University's actions described above constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless enjoined by this Court, a likelihood of confusion, and to cause irreparable injury of University of Rochester, which has no adequate remedy at law.

76.     On information and belief, Rochester University has acted with full knowledge of University of Rochester's use of, and statutory and common law rights to, the UNIVERSITY OF ROCHESTER Marks, and without regard to the likelihood of confusion of the public created by these infringing activities.

77.     Rochester University's actions demonstrate an intentional and willful intent to trade on the goodwill associated with the UNIVERSITY OF ROCHESTER Marks to the great and irreparable injury of University of Rochester.

78.     As a result of Rochester University's actions, Plaintiff has been damaged in an amount not yet determined or ascertainable. At minimum, however, University of Rochester is entitled to injunctive relief, to an accounting of Rochester University's profits attributable to its use of the ROCHESTER UNIVERSITY Marks, as well as its damages, reasonable attorneys' fees, and costs. Further, in light of Rochester University's deliberate use of confusingly similar imitations of the UNIVERSITY OF ROCHESTER Marks, and the need to deter Rochester University from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF
**(Cancellation of Registration Nos. 6,959,205 and 6,994,744 Due to Likelihood of Confusion)**

79.     Rochester University repeats and incorporates by reference the allegations in the preceding paragraphs.

80.     On or about October 1, 2021, Rochester University applied to register the word mark ROCHESTER UNIVERSITY, Application No. 97/055,910.

81.     The PTO refused registration and issued an Office Action because that mark is primarily geographically descriptive and due to likelihood of confusion with marks owned by the University of Rochester.

82.     Rochester University responded and amended its application to the Supplemental Register, thus admitting its ROCHESTER UNIVERSITY mark is descriptive, and registration issued on January 17, 2023, Reg. No. 6,959,205.

83.     On or about October 5, 2021, Rochester University applied to register the word and design mark ROCHESTER UNIVERSITY ROCHESTER HILLS, MI EST. 1959, Application No. 97/059,954.

84.     The PTO refused registration and issued an Office Action due to likelihood of confusion with the marks owned by University of Rochester and required Rochester University to disclaim "ROCHESTER UNIVERSITY," "ROCHESTER HILLS, MI," and "EST 1959" because they are primarily geographically descriptive or merely descriptive.

85.     Rochester University responded to the Office Action and included the required disclaimers and registration issued on the Principal Register on March 7, 2023, Reg. No. 6,994,744.

86.     Because the marks in Reg. Nos. 6,959,205 and 6,994,744 are likely to cause confusion with the UNIVERSITY OF ROCHESTER Marks, the registrations issued in violation of 15 U.S.C. §§ 1051(a) and 1052(d).

87.     Accordingly, maintenance of Reg. No. 6,959,205 and Reg. No. 6,994,744 on the Supplemental Register and Principal Register respectively is contrary to law and these registrations should be cancelled pursuant to court's authority under 15 U.S.C. § 1119, based on the likelihood of confusion.

**PRAYER FOR RELIEF**

WHEREFORE, University of Rochester prays that:

1.     Rochester University and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Rochester University, or in concert or participation with Rochester University, and each of them, be enjoined permanently from:

a.  using the UNIVERSITY OF ROCHESTER Marks or any other copy, reproduction, colorable imitation, or simulation of the UNIVERSITY OF ROCHESTER Marks on or in connection with Defendant's goods and services, including on social media (*i.e.*, as the account, user or other name on or of any social media account, page or profile);

b.  passing off, palming off, or assisting in passing off or palming off Rochester University's goods and services as those of University of Rochester, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

c.  advertising, promoting, offering for sale, or selling any goods and services bearing or sold in association with confusingly similar imitations of the UNIVERSITY OF ROCHESTER Marks, including but not limited to the ROCHESTER UNIVERSITY Marks;

2.      Rochester University be ordered to cease offering for sale, marketing, promoting, and selling, and to recall all products sold under or bearing any identical or confusingly similar imitations of the UNIVERSITY OF ROCHESTER Marks that are in Rochester University's possession, custody, or control, or under its authority, and also to deliver to each such store, seller, shipper, or distributor of such goods a copy of this Court's order as it relates to said injunctive relief against Rochester University;

3.      Rochester University be ordered to cease use of the domain name www.rochesteru.edu (and any similar domains it may own including but not limited to .com, .net., org, etc. domains) and transfer ownership of that domain name(s) to University of Rochester;

4.       Rochester University be ordered to deliver up for impoundment and for destruction all goods, advertising, promotional and marketing materials, or other materials in the possession, custody, or control of Rochester University that are found to infringe or dilute the UNIVERSITY OF ROCHESTER Marks or otherwise compete unfairly with Plaintiff;

5.       The Court sustain the opposition filed by Plaintiff as to Application No. 97/061,648 (Trademark Trial and Appeal Opp. No. 91284925), and correct the register and cancel Registration Nos. 6,959,205 and 6,994,744, pursuant to its power under 15 U.S.C. § 1119;

6.       Rochester University be compelled to account to University of Rochester for any and all profits attributable to use of the ROCHESTER UNIVERSITY Marks;

7.       University of Rochester be awarded all damages caused by the acts forming the basis of this Complaint, including in the form of a reasonable royalty, and/or corrective advertising;

8.       Based on Rochester University's knowing and intentional use confusingly similar imitations of the UNIVERSITY OF ROCHESTER Marks, the damages awarded be trebled and the award of Rochester University's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

9.       Rochester University be required to pay University of Rochester the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state and common law cited in this Complaint;

10.      Based on Rochester University willful and deliberate infringement and dilution of the UNIVERSITY OF ROCHESTER Marks, and to deter such conduct in the future, University of Rochester be awarded punitive damages;

11.      University of Rochester be awarded prejudgment and post-judgment interest

on all monetary awards; and

12.     University of Rochester have such other and further relief as this Court may

deem just or proper.

## JURY TRIAL DEMANDED

University of Rochester respectfully demands a jury trial on all issues so triable.

Respectfully submitted this 16th day of June, 2023.

/s/ Barry M. Benjamin
Barry M. Benjamin
Kilpatrick Townsend & Stockton LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 775-8700
bbenjamin@kilpatricktownsend.com

William H. Brewster (Admission Pending
Swearing in)
bbrewster@kilpatricktownsend.com

Bethany R. Nelson (to be admitted *pro hac vice*)
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
(404) 815-6500
brnelson@kilpatricktownsend.com

*Attorneys for Plaintiff*
*University of Rochester*